UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MIRAYA TORRES,

              Plaintiff,

                          **REPORT AND RECOMMENDATION**
                             **21 CV 1934 (RPK)(LB)**

  – against –

STATE FARM FIRE AND CASUALTY
COMPANY,

              Defendant.
---------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff Miraya Torres, a citizen of New York, brings this declaratory judgment and breach of contract action against defendant State Farm Fire and Casualty Company ("State Farm"), a citizen of Illinois. Compl. ¶¶ 1-2, 11-23, ECF No. 1-1. Plaintiff seeks an order directing defendant to defend her in a personal injury lawsuit pending against her in state court and requiring defendant to indemnify plaintiff for any costs incurred. Id. ¶¶ 17, 22-23. Plaintiff originally commenced this action in New York State Supreme Court, Queens County on March 10, 2021 and defendant removed the case to this Court on April 9, 2021 on the basis of diversity of citizenship. See Notice of Removal, ECF No. 1. Plaintiff moves to remand this action back to state court, claiming that the amount in controversy does not exceed $75,000, and for a stay pending further proceedings in state court. See Pl's Mot., ECF No. 9. The Honorable Rachel P. Kovner referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion should be denied.

1

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is the owner of a multi-family dwelling located at 1113 Wykoff Avenue, Flushing, New York 11385 (the "Premises"). Compl. ¶ 1. Plaintiff obtained an insurance policy from State Farm, the terms of which require State Farm to indemnify and defend plaintiff for any claims arising from plaintiff's ownership of the Premises. Id. ¶ 3. On approximately April 15, 2018, an infant child ("J.B.") was allegedly injured after he tripped and fell on the Premises' exterior steps. Id. ¶ 5. Following this incident, on July 10, 2019, J.B.'s mother commenced a lawsuit (the "underlying action") individually and on behalf of J.B. against plaintiff in New York Supreme Court, Kings County, alleging plaintiff's negligence and seeking money damages.[1] Id. ¶ 7. Plaintiff subsequently sought defense and indemnification from State Farm, but State Farm declined coverage, citing late notice of the lawsuit and its belief that plaintiff was not residing at the Premises.[2] Id. ¶¶ 8-9.

On March 10, 2021, Plaintiff commenced this action in New York Supreme Court, Queens County claiming that State Farm breached the terms of the insurance policy and seeking indemnification. See id. ¶¶ 11-23. In her state court complaint, plaintiff alleges that she is "entitled to a money judgment in an amount to be determined at trial, which amount exceeds the minimum jurisdictional limits of this Court and which amount is reasonably believe[d] to exceed the sum of $250,000." Id. ¶ 23. State Farm removed the action to this Court pursuant to 28 U.S.C. § 1441. ECF No. 1. Plaintiff now moves to remand this action back to State Court and to stay the proceedings. Mueller Decl. ¶ 1, ECF No. 9-1. In support of her motion, plaintiff

---

[1] Although plaintiff's filings repeatedly state that the underlying action was filed in Queens County, the action is pending in New York Supreme Court, Kings County, under Index No. 515085/2019. See ECF 11-1.
[2] Plaintiff maintains that she was not properly served with the summons and complaint in the underlying action and only received a copy of the documents in the mail. Compl. ¶ 8; Torres Decl. ¶ 4. She alleges that she was in the hospital at the time service was purportedly effected. Mueller Decl. ¶ 6; ECF 9-4, ¶ 4. The issue of whether plaintiff was properly served in the underlying action is the subject of ongoing proceedings in State Court. Reply, ECF No. 11; Pl's Letter, ECF No. 12; Def.'s Sept. 20, 2021 Letter, ECF No. 13.

provides: her counsel's declaration (Mueller Decl.); plaintiff's declaration ("Torres Decl."); the summons and complaint filed in the underlying action (ECF No. 9-3); plaintiff's affidavit filed in the underlying action in opposition to default judgment (ECF No. 9-4); an affidavit of service regarding the underlying action (ECF No. 9-5); a State Court order referring the underlying action to a special referee for a traverse hearing (ECF No. 9-6); the complaint filed in the instant action (Compl.); the defendant's notice of removal (ECF No. 9-8); defendant's pre-motion conference request seeking partial dismissal of this action (ECF No. 9-9); and a Memorandum of Law (Pl.'s Mem. of Law, ECF No. 9-10). Defendant opposes remand but does not oppose a stay of this proceeding pending the traverse hearing in state court. Def. Mem. of Law 3-6, 8, ECF No. 10. In reply, plaintiff's counsel requests a stay and files a declaration stating that the pending traverse hearing in the underlying state court matter could render this action moot.[3] Reply ¶¶ 2, 4-6.

## DISCUSSION

### I. Removal under 28 U.S.C. § 1446

District Courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and plaintiffs and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1). A case brought in state court which meets these jurisdictional requirements "may be removed by the defendant…to the district court of the United States for the district…embracing the place where such action is pending." See id. § 1441(a). The procedure

---

[3] Plaintiff's Reply states that a traverse hearing was scheduled for August 4, 2021 and appends email correspondence from a State Court official confirming that date. Reply ¶ 2, Ex. A. I subsequently ordered the parties to file a letter regarding the status of the traverse hearing. See Electronic Order dated Aug. 10, 2021. Plaintiff filed a letter stating that the traverse hearing was not held as scheduled on August 4, 2021 and has not yet been rescheduled. Pl.'s Aug. 18, 2021 Letter, ECF No. 12. I then ordered the parties to file a status letter informing the Court of the date of the traverse hearing once it is rescheduled and stated that if the hearing was not held by September 20, 2021, this case would proceed. See Electronic Order dated Aug. 19, 2021. The parties filed a letter on September 20, 2021 stating that the traverse hearing has not been held or rescheduled. Def.'s Sept. 20, 2021 Letter, ECF No. 13.

3

for removal is set forth in 28 U.S.C. § 1446 which requires a removing defendant to file a notice of removal in the district court. Id. § 1446(a).

Federal courts are courts of limited jurisdiction and, in recognition of that fact, "courts construe the removal statute[s] narrowly, resolving any doubts against removability." Martinez v. Yordy, No. 16 Civ. 005(BMC), 2016 WL 8711443, at *2 (E.D.N.Y. Feb. 19, 2016) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)). When a case is removed on the basis of diversity of citizenship, the Court lacks subject matter jurisdiction if the amount in controversy is not clearly alleged in the complaint or is not supported by the notice of removal. See Scottsdale Ins. Co. v. Acceptance Indem. Ins. Co., No. 19-CV-7294(RA), 2019 WL 6498316, at *2 (S.D.N.Y. Dec. 3, 2019) (quoting Woodley v. Mass Mut., No. 08-CV-949(NRB), 2008 WL 2191767, at *1 (S.D.N.Y. May 23, 2008)). The removing defendant bears the burden to prove that removal is proper, Nocelli v. Kaiser Gypsum Co., Inc., No. 19-CV-1980(RA), 2020 WL 230890, at *1 (S.D.N.Y. Jan. 15, 2020) (quoting United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994), and must demonstrate "'a reasonable probability' that the claim is in excess of [$75,000]." Scottsdale Ins. Co., 2019 WL 6498316, at *2 (alteration in original) (quoting CenterMark Props. Meriden Square, Inc., 30 F.3d at 305).

**II. Analysis**

The Court would be remiss to not point out that plaintiff's state court complaint states that plaintiff seeks a money judgment which she "reasonably believes to exceed the sum of $250,000," compl. ¶ 23, and yet plaintiff now argues that "[i]t is simply wild speculation to conclude that" damages will exceed $75,000," Pl's Mem of Law 5-6. Plaintiff's counsel's declaration states that plaintiff seeks indemnification for any money judgment that she may

4

sustain in the underlying matter which he believes is "not likely to result in an award of money damages that would meet and exceed…$75,000." Mueller Decl. ¶¶ 10, 18. Plaintiff herself claims that if she were liable for damages in the underlying action such damages would be "vastly less than $75,000." Torres Decl. ¶ 5. Plaintiff's Memorandum of Law accuses defendant of relying on the *ad damnum* clause in the underlying action's complaint, which seeks $250,000. Pl's Mem of Law 6. Although plaintiff provided a copy of the complaint in the underlying action with her motion papers, that document states that judgment is sought "in a sum exceeding the jurisdictional limits of all lower courts." ECF No. 9-3, at 5. It does not mention the sum of $250,000. Neither party has provided a copy of a document from the underlying action which includes the damages sought[4] or a supplemental demand for a specified amount. However, there is an obvious disconnect between plaintiff's complaint filed in State Court prior to removal, and plaintiff's filings in this Court.[5]

Defendant opposes remand, arguing that diversity jurisdiction is proper and the amount in controversy is adequately supported by the allegation in the state court complaint that plaintiff's damages are reasonably believed to exceed $250,000. Def. Mem. of Law 5. Defendant's Notice of Removal also states that plaintiff in the underlying action seeks damages in excess of $250,000. ECF No. 1, ¶ 9. Again however, defendant has not provided the Court with a document specifying the requested amount from the underlying matter.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds [$75,000]." Brown v. Progressive Cas. Ins. Co., No. 18-CV-

---

[4] The Court is aware that including a demand for a stated damages amount in the underlying case's complaint would violate New York law. See C.P.L.R. § 3017(c).

[5] The instant case, unlike the underlying personal injury case, seeks a declaratory judgment and asserts a claim for breach of contract. It is therefore not subject to the state law prohibition against specifying an amount of damages in the complaint. C.P.L.R. § 3017(c).

3753(ARR)(SJB), 2018 WL 4404071, at *3 (E.D.N.Y. Sept. 17, 2018) (internal quotation marks omitted) (quoting Ortiz v. JCPenny, No. 16-CV-569W, 2016 WL 6694249, at *6 (W.D.N.Y. Nov. 15, 2016)). When jurisdiction is challenged, the removing defendant must provide competent proof and support the amount in controversy by a preponderance of the evidence. Id. (citing Ortiz, 2016 WL 6694249, at *6). The amount in controversy is calculated from the plaintiff's standpoint. Rhythm of Life Corp. v. Hartford Fin. Servs. Grp. Inc., No. 20-CR-8459(AKH), 2021 WL 776171, at *2 (S.D.N.Y. Feb. 26, 2021) (quoting Kheel v. Port of N.Y. Auth., 457 F.2d 46, 49 (2d Cir. 1972)). The fact that a plaintiff may not recover the minimum jurisdictional amount, or that a valid defense to the claim may exist, does not defeat jurisdiction. Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). Similarly, a plaintiff's refusal to stipulate that damages do not exceed $75,000 is also insufficient to support a finding that the amount in controversy requirement has been satisfied. Brown, 2018 WL 4404071, at *3 (quoting Valente v. Garrison From Harrison LLC, No. 15-CV-6522(DLI)(MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016)).

In actions seeking declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." Lighton Indus., Inc. v. Allied World Nat'l Assurance Co., 348 F. Supp. 3d 167, 181 (E.D.N.Y. 2018) (quoting Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767, 769 (2d Cir. 2006)). Here, the object of the litigation includes plaintiff's alleged right to indemnification for any damages she may owe in the underlying suit. Duzer Realty Corp. v. U.S. Underwriters Ins. Co., No. 12-CV-926(NGG)(JMA), 2012 WL 2872306, at *2 (E.D.N.Y. July 12, 2012). In cases in which the entire value of an insurance policy is not at issue, Courts consider the value of the underlying claim as the amount in controversy. [6] Cow Bay

---

[6] The Court recognizes that in some cases the validity of an insurance policy might be at issue, making "the policy limit…the amount in controversy." Cow Bay Sprinkler Corp. v. Houston Casualty Co., No. 19 Civ.

Sprinkler Corp. v. Houston Casualty Co., No. 19 Civ. 5854(LDH)(VMS), 2020 WL 9812929, at *5 (E.D.N.Y. Feb. 1, 2020) (citing Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)); Unique Crating & Shipping Corp. v. U.S. Underwriters Ins. Co., No. 20-CV-4952(CBA)(VMS), 2020 WL 6927619, at *1 (E.D.N.Y. Oct. 26, 2020) (quoting Amica Mut. Ins. Co. v. Levine, 7 F. Supp.3d 182, 187 (D. Conn. 2014)) Report and Recommendation adopted by 2020 WL 6902385 (E.D.N.Y. Nov. 24, 2020). To determine the value of the underlying claim, Courts may look to extrinsic evidence submitted with the parties' filings. Scottsdale Ins. Co., 2019 WL 6498316, at *4; NSI Int'l. Inc. v. Mustafa, No. 09-CV-1536 (JFB)(AKT), 2009 WL 2601299, at *7 (E.D.N.Y. Aug. 20, 2009) (quoting CenterMark Props. Meriden Square, Inc., 30 F.3d at 305). Here, the only relevant extrinsic evidence provided, aside from the arguments in the parties' dueling Memoranda, are the declarations of plaintiff and her counsel.

Although generally there is a rebuttable presumption that an amount claimed on the complaint's face is the amount in controversy, this claimed amount "is not always dispositive" and jurisdiction may still be defeated if a party proves to a legal certainty that damages will not exceed $75,000. Qader v. Citibank, 927 F. Supp. 2d 86, 88 (S.D.N.Y. 2013) (first quoting Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394 (2d Cir. 2003); and then quoting St. Paul Mercury Indemp. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). "[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." Scherer, 347 F.3d at 397 (alteration in original) (internal quotation marks omitted) (quoting Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chicago, 93 F.

---

5854(LDH)(VMS), 2020 WL 9812929, at *4 (E.D.N.Y. Feb. 1, 2020) (internal quotation marks omitted) (quoting Infinity Ins. Co. v. Guerrero, No. 07 Civ. 583 (AWI)(TAG), 2007 WL 2288324, at *3 (E.D. Cal Aug. 6, 2007)); see also Stiler v. Great N. Ins. Co., No. 07 Civ. 2236(MDF), 2008 WL 11517681, at *3 (S.D.N.Y. Jan. 2, 2008) (quoting Conzo v. SMA Life Assurance Co., No. 01 Civ. 11243, 2003 WL 21018823, at *2 (S.D.N.Y. May 6, 2003)). Neither party addresses the limits of the policy at issue here, only defendant's coverage of the relevant claim is at issue. Compl. ¶ 9.

3d 1064, 1070-71 (2d Cir. 1996)). However, the presumption appears to ordinarily be implicated in cases in which a defendant seeks dismissal of a complaint for lack of subject matter jurisdiction, alleging that plaintiff has inadequately alleged the required amount in controversy. See e.g., Wood v. Maguire Auto., LLC, 508 Fed. Appx. 65, 65 (2d Cir. 2013) (summary order) (affirming the district court's dismissal of a complaint for lack of subject matter jurisdiction); Int'l Christian Broad., Inc. v. Koper, 928 F. Supp. 2d 559, 562 (E.D.N.Y. 2013) (recognizing the rebuttable presumption and dismissing a complaint for failure to meet the amount in controversy requirement); Katz v. Mogus, 538 F. Supp. 2d 538, 541 (E.D.N.Y. 2007) (denying a motion to dismiss for lack of subject matter jurisdiction where the complaint alleged an amount in controversy of $151,000 and defendant failed to overcome the presumption). In the instant matter, the roles are reversed, with defendant seeking to rely on the amount stated in the complaint and plaintiff challenging the amount stated in her own pleading. The question then is whether defendant may rely on the portion of plaintiff's complaint that states plaintiff reasonably believes the amount in controversy is over $250,000 although plaintiff now says this amount is just "speculative."

In pertinent part, the statute governing removal provides that in cases in which the basis for removal is diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Here, the complaint demands "money damages…which damages are reasonably believed to in (sic) excess of $250,000." Compl. at 6. The language of the statute seemingly places plaintiff – who now believes the amount in controversy is well below $75,000 – in the unusual position of arguing that its prior demand for $250,000 was not made in good faith. The Court must ask how a party may "reasonably believe" its damages will exceed $250,000 when it files its complaint in state

8

court on March 10, 2021 but then believe that amount is purely speculative less than two months later when it finds itself in federal court?

The amount in controversy is fixed at the time of removal and "a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied". Yong Qin Luo v. Mikel, 625 F.3d 772, 776 (2d Cir. 2010) (citing Purple Passion, Inc. v. RCN Telecom Servs., Inc., 406 F. Supp. 2d 245, 246-47 (S.D.N.Y. 2005)); In Touch Concepts, Inc. v. Cellco P'ship, 788 F.3d 98, 101 (2d Cir. 2015) (citing St. Paul Mercury Indemp. Co., 303 U.S. at 292) ("[T]he filing of a post-removal amended complaint that reduces the amount in controversy below the statutory threshold does not impair diversity jurisdiction."); see also Scherer, 347 F.3d at 397 ("[W]e measure the amount in controversy as of the date of the complaint."). Even where plaintiff seeks to reduce the amount in controversy "by affidavit…this does not deprive the district court of jurisdiction." St. Paul Mercury Indemp. Co., 303 U.S. at 292. There is good reason to deny a plaintiff's attempts to deprive the federal court of jurisdiction by reducing the amount in controversy post-removal. Purple Passion Inc., 406 F. Supp. 2d at 247. As at least one Court has noted, without this bar, "plaintiffs filing in state court …[may] seek exorbitant damages against the chance the case will not be removed, and then reduce their demands if the case is removed…depending on their happiness with the assigned judge." Id. It ought to be noted however that plaintiffs may engage in post-removal stipulations to assist the Court in determining the damage amount sought when the initial complaint was "ambiguous or silent as to the precise amount in controversy." In re Fosamax Prods. Liab. Litig., No. 06-md-1789(JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (collecting cases).

9

Here, plaintiff's complaint is not silent as to the value of the underlying claim and unambiguously seeks damages in excess of $250,000. Compl. ¶ 23, at 6. The amount in controversy, which the Court must measure from the time of removal, is therefore in excess of $250,000. As discussed above, plaintiff may not reduce the amount in controversy to deprive the Court of jurisdiction. St. Paul Mercury Indemn. Co., 303 U.S. at 292. Accordingly, I recommend that plaintiff's motion to remand this case to state court should be denied.

### III. Plaintiff's Request for a Stay

Plaintiff seeks a stay of the proceedings pending a traverse hearing and initial disclosures in the underlying state court action. Pl.'s Mem. of Law. 7-9. She asserts that the outcome of the traverse hearing may render this action moot and that the initial disclosures in state court may further define the range of possible damages for which she may be liable, an issue she says may affect the Court's jurisdiction in the instant matter. Id. at 9. Although defendant does not oppose a stay pending the outcome of a traverse hearing, it opposes any additional stay of these proceedings. Def.'s Mem. of Law 7-8.

A district court considering a declaratory judgment action has discretion to stay the proceedings pending the outcome of a parallel state court action. See Federal Ins. Co. v. Safeskin Corp., No. 98 Civ. 2194(DC), 1998 WL 832706, at *3 (S.D.N.Y. Nov. 25, 1998). The Court must "weigh 'considerations of practicality and wise judicial administration' to determine whether the issues can be better addressed in the state court proceeding." Id. (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Court should consider: the scope of the state court action; the defenses asserted; whether all interested parties' claims can be adjudicated in that action; whether necessary parties have been joined; and whether all parties are amenable to process. Id. (citing Wilton, 515 U.S. at 282-83). In cases where the extent of insurance coverage

10

is in issue, declaratory judgment is a useful tool which may eliminate the uncertainty faced by an insurer. See State Farm & Cas. Co. v. Brown, No. 08-CV-1778(RNC), 2009 WL 10690016, at *1 (D. Conn. Nov. 4, 2009) (first quoting Gravatt v. General Star Indem. Co., No. 98 Civ. 6670(RMW), 1998 WL 842351, at *2 (S.D.N.Y. Dec. 2, 1998); and then quoting Continental Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 738 (2d Cir. 1992)).

Here, although the traverse in the underlying state court matter may determine whether plaintiff was properly served, the Court should not stay these proceedings. State Farm is not a party to the underlying case and the State Court will not decide whether it is obligated to defend and indemnify plaintiff. See Brown, 2009 WL 10690016, at *2. Regarding plaintiff's argument that the underlying case bears on this Court's jurisdiction, as described above, the amount in controversy in this matter was fixed at the time of removal and subsequent events in State Court will not deprive this Court of jurisdiction. See Michael Kors (USA) v. Gram, 7 F. Supp.3d 404, 404-405 (S.D.N.Y. 2014) (quoting St. Paul Mercury Indem. Co., 303 U.S. at 293) (explaining that jurisdiction is fixed at the time of removal and cannot be invalidated by subsequent events). The Declaratory Judgment Act is intended to avoid a situation in which damages may accrue to a party, unsure of its obligations. Id. (quoting Continental Cas. Co., 977 F.2d at 738. In addition, the Court has no control regarding the State Court matter, which has already been pending for over two years. See ECF 9-3; Pl.'s Aug. 18, 2021 Letter, ECF No. 12. The traverse hearing, which was scheduled for August 4, 2021, was not held due to a lack of judicial resources and has yet to be rescheduled. Although this Court has its own demanding case load, this litigation should proceed.

This Court previously stated that if the traverse hearing had not been held by September 20, 2021 the parties should be prepared to proceed with this case. The parties have informed the

11

Court that, despite their efforts to reschedule the traverse hearing, the state Court has not set a new date.[7] Accordingly, plaintiff's motion for a stay of these proceedings should be denied.

## CONCLUSION

Accordingly, I respectfully recommend that plaintiff's motion to remand this case to State Court and for a stay of the proceedings should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED

                                                                         /S/
                                                  LOIS BLOOM
                                                  United States Magistrate Judge

Dated: September 27, 2021
       Brooklyn, New York

---

[7] The parties shall immediately inform the Court when the State Court reschedules the traverse hearing.